**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **TRAXCELL TECHNOLOGIES, LLC.,**<br>        **Plaintiff,** | |
| **v.** | **Case No. 6:24-cv-00613** |
| **CELLCO PARTNERSHIP,**<br>        **Defendant** | **Jury Trial Demanded** |

**PLAINTIFF'S MOITON FOR TEMPORARY RESTRAINING ORDER AND**
**PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

I.      FACTUAL BACKGROUND ....................................................................................1

    A.  Basis for Relief ..........................................................................................................2

    B.  Procedural History .....................................................................................................3

    C.  Mandate Rule and Void Judgment.............................................................................5

    D.  The Verizon Fee Award is Void .................................................................................7

    E.  A Void Order is a Legal Nullity ...............................................................................14

II.     ARGUMENT ....................................................................................................................15

    A.  Legal Standard For A Temporary Restraining Order ...............................................15

    B.  There is a substantial likelihood that the movant will prevail on the merits ...............15

    C.  There is a substantial threat that irreparable harm will result if the injunction is not granted................................................................................................................16

    D.  The threatened injury outweighs the threatened harm to the defendant and will not disserve the public interest.......................................................................................17

    E.  The Bond Already Paid by Traxcell is Sufficient ....................................................17

III.   REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION........................17

IV.   PRAYER FOR RELIEF ...................................................................................................17

## TABLE OF AUTHORITIES

**Cases**

*Bush v. United Benefit Fire Insurance Co.*, 311 F.2d 893 (5th Cir. 1963) .................................... 9

*Callon Petroleum Co. v. Frontier Ins.*, 351 F.3d 204 (5th Cir. 2003) ............................................ 5

*Carter v. Fenner*, 136 F.3d 1000 (5th Cir. 1998) ........................................................................... 6

*Clark v. Prichard*, 812 F.2d 991 (5th Cir. 1987) ..................................................................... 13, 14

*Dragon Intell. Prop., LLC v. Apple, Inc.*, No. CV 13-2058-RGA, 2018 WL 4658208 (D.
Del. Sept. 27, 2018) ................................................................................................................ 11

*Dragon Intell. Prop., LLC v. Dish Network LLC*, 956 F.3d 1358 (Fed. Cir. 2020) ............... 11, 12

*Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379  (Fed. Cir. 1999) ................................ 11, 12

*Foley v. Smith*, 437 F.2d 115 (5th Cir.1971) .................................................................................. 6

*Gulf Coast Building and Supply Co. v. Local 480, International Brotherhood of Electrical
Workers*, 460 F.2d 105 (5th Cir.1972)................................................................................... 6, 7

*Hayburn's Case*, 2 U.S. (Dall.) 408, 1 L.Ed. 436 (1792)............................................................. 12

*In re Enron Corp. Sec., Derivative & ERISA Litig.*, 610 F. Supp. 2d 600 (S.D. Tex. 2009) ..... 5, 7

*Jackson v. FIE Corp.*, 302 F.3d 515 (5th Cir. 2002) ...................................................................... 6

*Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166 (5th Cir. 1978)........................................... 9

*Laitram Corp. v. NEC Corp.*, 115 F.3d 947 (Fed. Cir. 1997)........................................ 8, 9, 10, 11

*Matter of Novoa*, 690 F. App'x 223 (5th Cir. 2017) ..................................................................... 5

*Muskrat v. United States*, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911) .............................. 12

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 134 S. Ct. 1749, 188 L.
Ed. 2d 816 (2014) .............................................................................................................. 10, 12

*Price v. Dunn*, 139 S. Ct. 1533, 204 L. Ed. 2d 238 (2019)...................................................... 9, 11

*Siff v. State Democratic Exec. Comm.*, 500 F.2d 1307 (5th Cir. 1974) ....................................... 14

*State of Tex. v. Seatrain Int'l, S. A.*, 518 F.2d 175 (5th Cir. 1975) ............................................. 14

*Steel Co. v. Citizens for a Better Env't*, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ...................... 12

*Texas v. United States*, 328 F. Supp. 3d 662 (S.D. Tex. 2018).................................................... 15

*Texas*, 809 F.3d at 150 ................................................................................................................ 15

*Traxcell Techs., LLC v. Sprint Commc'ns Co. LP*, 15 F.4th 1121 (Fed. Cir. 2021) ...................... 2

*United States v. Lee*, 358 F.3d 315 (5th Cir.2004) ................................................................. 5, 15

*United States v. Matthews,* 312 F.3d 652 (5th Cir.2002) .................................................. 5

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010) ........................................................................................................................ 5, 12

*Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047 (5th Cir. 1997) ............................... 15

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) .............................................................................................................................. 13

*Wm. G. Roe & Co. v. Armour & Co.,* 414 F.2d 862 (5th Cir.1969) .......................... 6, 7

**Constitutional Provisions & Statutes**

35 U.S.C. § 285 ............................................................................................................ 2

Traxcell Technologies, LLC. ("Traxcell") seeks the emergency relief through a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure to enjoin enforcement of the Verizon Fee Award attached as Exhibit A because it is void as the district court that granted the order exceeded its mandate.[1]

## I.    FACTUAL BACKGROUND

Traxcell requests emergency relief because Verizon is attempting to enforce a void order, the Verizon Fee Award,[2] in Texas State Court through a Turnover Order.[3] Verizon seeks to escape accountability for its infringement of Traxcell's patents by enforcing a void order to sell Traxcell's assets, including its patents. The Turnover Order already resulted in the dismissal of a trial Traxcell had set against Verizon on April 3, 2023, in this Court ("April Trial").[4] Further, on August 23, 2023, Verizon filed a second Motion for Writ of Execution and for Turnover Against Traxcell,[5] seeking a Second Turnover Order, identical to the First Turnover Order in the Eastern District of Texas, likewise based on the void order, the Verizon Fee Award. Traxcell stands to lose numerous lawsuits pending in this Court based on the void Verizon Fee Award, including:

1. The April Trial;
2. Traxcell Technologies, LLC v. GoShare, Inc., 6:2022cv00943;
3. Traxcell Technologies, LLC v. AfterShip, Inc., 6:2022cv00929;
4. Traxcell Technologies, LLC v. Lyft, Inc., 6:2022cv00689;
5. Traxcell Technologies, LLC v. Grubhub, Inc., 6:2022cv00690;
6. Traxcell Technologies, LLC v. Cellco Partnership et al., 6:2022cv00976;
7. Traxcell Technologies, LLC v. T-Mobile USA, Inc. et al., 6:2022cv00991;  and,
8. Traxcell Technologies, LLC v. T-Mobile USA, Inc. et al., 6:2022cv00992 (collectively, "Traxcell's Causes of Action").[6]

Thus, Traxcell requests this Court grant a temporary restraining order ("TRO") enjoining

---

[1] Exhibit A.
[2] Exhibit A.
[3] Exhibit B.
[4] Exhibit C.
[5] Exhibit D.
[6] Declaration of Jeff Reed ("Reed Decl.") at ¶¶2-5.

1

enforcement of the Verizon Fee Award.  At the expiration of the TRO, Traxcell requests a hearing to preliminarily and permanently enjoin Verizon from enforcing the Verizon Fee Award.

### A.  Basis for Relief

The Verizon Fee Award arose from the grant of Verizon's Motion for Attorneys' Fees under 35 U.S.C. § 285 in a patent infringement case pending in the Eastern District of Texas. Verizon's Fee Motion[7] was timely filed after Final Judgment in the case[8] and before Traxcell's Notice of Appeal filed May 1, 2020l.[9]  However, Verizon did not obtain or even seek a ruling on its § 285 Motion until after the return of the Mandate[10] from the appeal of the Final Judgment to the Court of Appeals of the Federal Circuit ("CAFC"), reported at *Traxcell Techs., LLC v. Sprint Commc'ns Co. LP*, 15 F.4th 1121 (Fed. Cir. 2021) ("*Traxcell I*").  As the Mandate from *Traxcell I* foreclosed further consideration of the matters actually considered, the Verizon Fee Award is void because it is based on a reconsideration of the totality of the case which necessarily includes matters of at least who is the prevailing party.  Thus, Verizon was required to either obtain a ruling from the district court prior to the Mandate from the CAFC or a remand from the CAFC for consideration of its § 285 Motion.  Verizon did neither and therefore waived its § 285 motion and the Verizon Fee Award is therefore void.

The following timeline illustrates why the Verizon Fee Award is void:

---

[7] Exhibit E (Verizon's Fee Motion was file 4/29/2020 and this redacted version 5/5/2020).
[8] Exhibit F.
[9] Exhibit G.
[10] Exhibit I.



The Mandate from the CAFC foreclosed reconsideration of all issues actually considered in the Mandate, which necessarily includes issues of who is the prevailing party and issues logically and legally related thereto.[11]

### B. Procedural History

On April 15, 2020, a court in the Eastern District of Texas issued a Final Judgment granting summary judgment of noninfringement:

---

[11] *See, e.g., Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951, 952 (Fed. Cir. 1997).

**FINAL JUDGMENT**

The Court enters Final Judgment in this case with respect to Defendant Verizon Wireless Personal Communications, LP pursuant to Federal Rule of Civil Procedure 58. For reasons assigned in the Order previously entered, it is hereby

**ORDERED** that Plaintiff's claims against Defendant Verizon Wireless Personal Communications, LP are **DISMISSED WITH PREJUDICE.**

All other relief not specifically granted herein is **DENIED-AS-MOOT.**

The Clerk is directed to keep the lead case (Case No. 2:17-cv-00718-RWS-RSP) open as other defendants remain in that case. However, the Clerk is directed to close the member case, Case No. 2:17-cv-00721-RWS-RSP.

**So ORDERED and SIGNED this 15th day of April, 2020.**

[12]

The Final Judgment Ordered that Plaintiff's claims against Verizon **Dismissed With Prejudice.** Further, the Final Judgment specifically denied as moot all other relief not specifically granted.

Traxcell appealed the Final Judgment on May 1, 2020 to the CAFC,[13] specifically appealing:

(1) the Final Judgment entered on April 15, 2020 (Exhibit F filed in 2:17-cv-00718 pending in Eastern District of Texas);

(2) the separate Final Judgment entered in this action on April 15, 2020 (Doc. No. 24 filed in 2:17-cv-00721 pending in Eastern District of Texas);

(3) the ORDER overruling Plaintiff's Objections dated April 15, 2020 (Exhibit P filed in 2:17-cv-00718 pending in Eastern District of Texas);

(4) the ORDER overruling Plaintiff's Objections to the Claim Construction Memorandum

---

[12] Exhibit F (emphasis added).
[13] Exhibit G.

4

and Order (Doc. No. 451 filed in 2:17-cv-00718 pending in Eastern District of Texas);

(5) the Report and Recommendation signed October 7, 2019 (Doc. No. 444 filed in 2:17-cv-00718 pending in Eastern District of Texas) granting Defendants' Motion for Summary Judgment of Non-Infringement as to the '388 Patent;

(6) the Report and Recommendation signed September 18, 2019 (Doc. No. 399 filed in 2:17-cv-00718 pending in Eastern District of Texas) granting Defendants' Motion for Summary Judgment of Non-Infringement of all asserted claims of the '024 patent;

(7) the ORDER denying Plaintiff's Emergency Motion to Strike (Doc. No. 325 filed in 2:17-cv-00718 pending in the Eastern District of Texas);

(8) the ORDER denying Plaintiff's Motion to Compel Verizon to produce Documents and witness dated October 30, 2019 and Motion to Serve Doctrine of Equivalents Supplemental Infringement Contentions (Doc. No. 254 filed in 2:17-cv-00718 pending in Eastern District of Texas);

(9) the ORDER denying leave to file an amended complaint against Verizon Personal Communications, LP (collectively "Verizon") dated June 19, 2019 (Doc. No. 209 filed in 2:17-cv-00718 pending in Eastern District of Texas); and,

(10)    the claim construction Order dated April 15, 2019 (Exhibit Q filed in 2:17-cv-00718 pending in the Eastern District of Texas), issued from this Court in the Eastern District of Texas, Marshall Division.[14]

---

[14] Exhibit G.

Verizon did not appeal or preserve any additional issue, including its § 285 Motion.[15]  On October

12, 2021, the CAFC issued a written Opinion and affirmed the Final Judgments,[16] the Mandate.[17]

### C.  Mandate Rule and Void Judgment

"The mandate rule requires a district court on remand to effect [an appellate court's]

mandate and to do nothing else."[18]  The mandate rule "is but a specific application of the general

doctrine of law of the case."[19]  "[T]he mandate rule compels compliance on remand with the

dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by

the appellate court."[20]  The rule also bars "litigation of issues decided by the district court but

***foregone on appeal or otherwise waived***…."[21]

A motion for relief from a judgment, contends a judgment is void and is controlled by

Rule 60(b)(4).[22]  A void judgment is "one so affected by a fundamental infirmity that the infirmity

may be raised even after the judgment becomes final."[23]  A judgment will be found void "only in

the rare instance where a judgment is premised either on a certain type of jurisdictional error

…."[24] The Fifth Circuit Court of Appeals has found jurisdictional errors warrant relief under Rule

60(b)(4) when "the initial court lacked subject matter or personal jurisdiction."[25]

There is no time limit to attack a void judgment.  If a judgment is void, a district court

---

[15] Exhibit E.

[16] Exhibit H.

[17] Exhibit I.

[18] *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 610 F. Supp. 2d 600, 616 (S.D. Tex. 2009).

[19] *United States v. Matthews,* 312 F.3d 652, 657 (5th Cir.2002).

[20] *United States v. Lee,* 358 F.3d 315, 321 (5th Cir.2004).

[21] *Id* (emphasis added).

[22] FED.R.CIV.PROC. 60(b)(4).

[23] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010).

[24] *Id.* at 271, 130 S.Ct. 1367.

[25] *Callon Petroleum Co. v. Frontier Ins.*, 351 F.3d 204, 208 (5th Cir. 2003); *Matter of Novoa*, 690 F. App'x 223, 225 (5th Cir. 2017).

must set it aside.[26]  A judgment is void for purposes of Rule 60(b)(4) if the court that rendered it entered an order outside its legal powers.[27]

### D.  The Verizon Fee Award is Void

Verizon waived obtaining an order ruling on its § 285 Motion[28] because Verizon did not preserve the issue on appeal of the Final Judgment[29] at the CAFC.  Verizon should have requested that the CAFC not issue its mandate until after a ruling on the § 285 motions or requested remand to consider its § 285 Motion.  However, Verizon did neither and allowed the Mandate from the CAFC to issue which expressly and impliedly decided all issues in the case, including who is the prevailing party and issues logically and legally related thereto.[30]  Thus, there was nothing left to decide because the Mandate issued that resolved issues logically and legally related, issued antecedent, to the § 285 Motion.[31]

It is black letter law that a district court may determine on remand only those issues "not expressly or impliedly disposed of on appeal."[32] Here, the Mandate from the CAFC affirmed the April 15, 2020 Final Judgment in favor of Verizon.[33] The Final Judgment Ordered that Plaintiff's claims against Verizon be **Dismissed With Prejudice** and denied as moot all other relief not specifically granted.[34]  There was nothing left to do but to dismiss the case.  "The mandate rule

---

[26] *Jackson v. FIE Corp*., 302 F.3d 515, 523 (5th Cir. 2002).
[27] *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998).
[28] Exhibit J.
[29] Exhibit F.
[30] Exhibit F.
[31] Exhibit H, Exhibit I.
[32] *Gulf Coast Building and Supply Co. v. Local 480, International Brotherhood of Electrical Workers,* 460 F.2d 105, 107 (5th Cir.1972) (quoting *Foley v. Smith,* 437 F.2d 115, 116 (5th Cir.1971)); *see also Wm. G. Roe & Co. v. Armour & Co.,* 414 F.2d 862, 865 (5th Cir.1969) ("Upon remand from an appellate court, the lower court is limited to carrying out the directions of the mandate....") (citing cases); 1B J. MOORE, J. LUCAS & T. CURRIER, MOORE'S FEDERAL PRACTICE ¶ 0.404[10] at 170–74 (1984).
[33] Exhibit F.
[34] Exhibit F and Exhibit K (emphasis added).

requires a district court on remand to effect [an appellate court's] mandate and to do nothing else."[35]  Therefore, there was nothing left for the court to do other than carry out the Final Judgment and dismiss the cases with prejudice.[36]

The Verizon Fee Award issued on December 22, 2022,[37] adopting Magistrate Judge Payne's Memorandum Order[38]and Amended Order,[39] which is after the Mandate from *Traxcell I*.[40]  It cannot be disputed that Verizon alleged the case was exceptional, warranting fees, at least in part based on issues relating to who was the *prevailing party*, which includes issues of claim construction, including issues of claim indefiniteness,[41] issues of infringement under the doctrine of equivalents,[42] and issues including motion practice related to the same.[43]

The Verizon Fee Award[44] adopted Magistrate Judge Payne's order, and specifically reconsidered the issue of who is the prevailing party and other issues from *Traxcell I* relating to claim construction, including the issues claim indefiniteness;[45] issues of infringement, including infringement under the doctrine of equivalents;[46] and, motion practice related to the same.[47] However, it is well settled law that the issues considered in the Mandate that issued from *Traxcell I* could not be further considered[48] as such issues are Ordered and Adjudged Affirmed by the

---

[35] *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 610 F. Supp. 2d 600, 616 (S.D. Tex. 2009).
[36] Exhibit K; Exhibit F.
[37] Exhibit A.
[38] Exhibit L.
[39] Exhibit O.
[40] Exhibit H, Exhibit I.
[41] Exhibit J at 1-5, 8-10.
[42] Exhibit J at 4, 10.
[43] Exhibit J at 11, 12.
[44] Exhibit A.
[45] Exhibit L at 2-4 and 6-9.
[46] Exhibit L at 6-11.
[47] Exhibit L at 9-11.
[48] *Gulf Coast Building and Supply Co.*, 460 F.2d at 107; *see also Wm. G. Roe & Co. v. Armour & Co.*, 414 F.2d at 865; 1B J. MOORE, J. LUCAS & T. CURRIER, MOORE'S FEDERAL PRACTICE ¶ 0.404[10] at 170–74 (1984).

Mandate.[49] In a second appeal, an appeal of the Fee Verizon Award, the CAFC issued a Rule 36 affirmance,[50] but the CAFC did not comment on whether it had jurisdiction.

Prior to that, in *Traxcell I*, the CAFC delivered a very detailed opinion that covered at least the issue of who was the prevailing party, including all issues of infringement of the SON patents for the Verizon case,[51] which includes issues of claim construction,[52] claim indefiniteness,[53] and issues of infringement under the doctrine of equivalents, [54] and issues of infringement of the '388 patent. [55] Thus, as the actual issues considered in *Traxcell I*, including at least who is the prevailing party, are many of the same, if not all, of the issues considered for the Verizon Fee Award, the antecedent issues from *Traxcell I* are logically and legally related to the issues in the Verizon Fee Award and thus covered by the Mandate from *Traxcell I*.[56] Therefore, Verizon was required to either obtain a ruling on its § 285 Motion or otherwise preserve the issue prior to the issuance of the Mandate, such as requesting the CAFC to remand for consideration of the § 285 Motion. Verizon did neither and therefore waived its § 285 Motion .

Stated another way, affirmance of the Final Judgments foreclosed further consideration of the § 285 Motion in light of the ruling by the CAFC in *Traxcell I*.   There can be no dispute that the Mandate from *Traxcell I* included a determination of who is the prevailing party.  *Traxcell I* affirmed the district court's determination of prevailing party, the grant of summary judgment against Traxcell, on April 15, 2020.[57]   When the Mandate issued October 12, 2021, the

---

[49] Exhibit I.
[50] Exhibit M.
[51] Exhibit H at 9-12 and 20-23.
[52] Exhibit H at 9-13.
[53] Exhibit H at 18-19.
[54] Exhibit H at 18.
[55] Exhibit H at 22, 23.
[56] *Laitram Corp.*, 115 F.3d at 951, 952.
[57] Exhibit P.

determination of prevailing party was affirmed by the CAFC.[58]  However, Magistrate Judge Payne reconsidered the issue of who is the prevailing party when the court issued its Memorandum Order awarding attorney's fees to Verizon.[59]   In that Memorandum Order, Judge Payne specifically provides that a determination of the prevailing party is required for a § 285 award.[60]  The district court adopted this determination that Verizon was the prevailing party in the Verizon Fee Award.[61]

In fact, this Court has left no discretion to a district court on whether it must consider the totality of the case in considering a § 285 motion, as provided in *AdjustaCam, LLC v. Newegg, Inc.*:   "[t]he district court erred by ignoring our mandate "to evaluate whether this case is 'exceptional' under the totality of the circumstances…."[62]   Accordingly, the District Court in this case was required to reconsider matters decided by this Court's Mandate in *Traxcell I*.

A notice of appeal "is an event of jurisdictional significance" that "divests the district court of its control over those aspects of the case involved in the appeal."[63] While it is true there are exceptions, such as taxing costs, awarding attorney's fees, or reducing to writing an earlier oral decision without altering its substance,[64] the facts of this case show that the District Court did not rule on or even consider the Verizon's § 285 Motion[65] until after the Mandate returned from the CAFC.[66]   In other words, the court did not rule on or otherwise consider the § 285 Motion until after the dismissal and denial of all other motions was affirmed in the *Traxcell I*.[67] As a sanction

---

[58] Exhibit H at 2, 23.
[59] Exhibit L at 5-12.
[60] Exhibit L at 5.
[61] Exhibit A at 3.
[62] 861 F.3d 1353, 1359 (Fed. Cir. 2017).
[63] Price v. Dunn, 139 S. Ct. 1533, 1537–38, 204 L. Ed. 2d 238 (2019);  Kirtland v. J. Ray McDermott & Co., 568 F.2d 1166, 1169 (5th Cir. 1978); Bush v. United Benefit Fire Insurance Co., 311 F.2d 893, 894 (5th Cir. 1963).
[64] Price, 139 S. Ct. at 1537–38, 204 L. Ed. 2d 238.
[65] Exhibit J.
[66] Exhibit H; Exhibit I.
[67] Exhibit F.

under § 285 requires a consideration of the totality of the case, its proper consideration is before a mandate is returned on the issue of prevailing party.

"[T]he critical question in determining whether the district court had the power to hear and decide the motions [under Section 285] is what issues were left open,"[68] and here there were none. In *Laitram Corp. v. NEC Corp*, the Federal Circuit used a test of whether the issues were antecedent to one another, in that case whether "willfulness and claim identicality issues were … antecedent to deciding the infringement issue."[69] In *Laitram*, the Federal Circuit determined they were not. In this case, the issues of infringement, which included the issue of prevailing party, was decided in *Traxcell I*. Additionally, issues of claim construction, claim indefiniteness, and motion practice related to the same from *Traxcell I* are both logically and legally related to the issues in a § 285 Motion analysis.[70] A § 285 award is not merely an award of attorneys' fees at the end of litigation but rather an analysis of the totality of a case that considers issues of infringement, prevailing party, claim construction, claim indefiniteness, and motion practice related to the same. The text of § 285 provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party."[71] The Supreme Court 's guidance is that an

> exceptional case is simply one that stands out from others with respect to the substantive *strength of a party's litigating position (considering both the governing law and the facts of the case)* or the *unreasonable manner in which the case was litigated*. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.[72]

Therefore, to determine if a case is exceptional, a district court must first determine (1) who is the prevailing party, which at a minimum includes issues of infringement; (2) issues related to the

---

[68] *Laitram Corp.*, 115 F.3d 951, 952.
[69] 115 F.3d at 951.
[70] Exhibit H at 21-23.
[71] *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553, 134 S. Ct. 1749, 1755, 188 L. Ed. 2d 816 (2014).
[72] *Octane Fitness, LLC*, 572 U.S. 545, 554 (emphasis added).

substantive strength of a party's litigating position, which at a minimum includes issues related to claim construction and infringement, including infringement under the doctrine of equivalents; and, (3) issues related to the unreasonable manner in which the case was litigated, which at a minimum includes the motion practice of a party for issues related to claim construction and infringement, including infringement under the doctrine of equivalents.  However, these issues were already considered by the CAFC in *Traxcell I*[73] and thus are antecedent, logically and legally, to any further issues in Verizon's[74] § 285 motion.[75] Therefore, the Fee Awards are void as the mandate already issued on the antecedent orders that included at least the issue of who was the prevailing party.[76]  No further consideration is possible.

For assurance, the CAFC has found that the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties.[77] While the magistrate court and the district court correctly determined the prevailing party in this case, the CAFC's decisions indicate that this determination is more than a ministerial task, i.e. an actual analysis occurs and the CAFC has issued opinions changing that determination when necessary.[78]  For example, in *Dragon Intell. Prop., LLC v. Dish Network LLC*, after a parallel proceeding invalidated the patents at issue, the district court found the plaintiffs infringement claims moot and based on that mootness finding determined that the defendants were not the prevailing party.[79] The Defendants appealed and the CAFC reversed holding that the defendants were the prevailing party because they "successfully rebuffed Dragon's attempt to alter the parties' legal relationship in an infringement

---

[73] *Supra* at 1-3.
[74] Exhibit J.
[75] *See, e.g., Laitram Corp.*, 115 F.3d at 951.
[76] *See, e.g., Price*, 139 S. Ct. at 1537–38, 204 L. Ed. 2d 238; *Laitram Corp.*, 115 F.3d at 951.
[77] *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1304–05 (Fed. Cir. 2018).
[78] *See, e.g., Dragon Intell. Prop., LLC v. Dish Network LLC*, 956 F.3d 1358, 1361 (Fed. Cir. 2020).
[79] *Dragon Intell. Prop., LLC v. Apple, Inc.*, No. CV 13-2058-RGA, 2018 WL 4658208, at *2–3 (D. Del. Sept. 27, 2018).

suit."[80]  Therefore, the determination of prevailing party is a consideration of issues related to a parties legal relationship in an infringement suit.

Verizon's § 285 Motion's relation to the CAFC's Mandate affirming the District Court's non infringement liability ruling in *Traxcell I* is like the issue in *Engel Indus., Inc. v. Lockformer Co.,*[81] where the CAFC held that Engel was required to seek a refund of royalty payments in the appeal over the validity of the license agreement.  The CAFC explained

> … that the issue of its liability under the license agreement absent infringement of the '641 patent was not before the *Engel III* court, if correct, would render that court's decision with respect to the validity of the license agreement an impermissible advisory opinion. See, e.g., *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, ——, 118 S.Ct. 1003, 1016, 140 L.Ed.2d 210 (1998) ("advisory opinions [have been] disapproved by this Court from the beginning") (citing *Muskrat v. United States,* 219 U.S. 346, 362, 31 S.Ct. 250, 55 L.Ed. 246 (1911); *Hayburn's Case,* 2 U.S. (Dall.) 408, 1 L.Ed. 436 (1792)). The *Engel III* court affirmed the judgment of the district court, upholding the validity of the license agreement, notwithstanding that it also held the '641 patent noninfringed. *See Engel III,* 96 F.3d at 1409, 40 USPQ2d at 1168. Only by recognizing that *both* infringement of the '641 patent and liability under the license agreement were in play on appeal, and that *both* were duly decided by *Engel III* can the decision be properly understood.[82]

Here, the issue of infringement liability and liability under the § 285 Motion, at least for the reason that a determination of prevailing party and other logically and legally related issues, were both in play in *Traxcell I*.  While the District Court correctly determined the prevailing party, in so determining, it was required to *consider* who was the prevailing party, an issue foreclosed by *Traxcell I*.[83]  It cannot be disputed that the text of § 285 provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party."[84]  Thus, when the Mandate returned

---

[80] *Dragon Intell. Prop., LLC v. Dish Network LLC*, 956 F.3d 1358, 1361 (Fed. Cir. 2020).
[81] 166 F.3d 1379, 1383–84 (Fed. Cir. 1999).
[82] *Engel Indus., Inc.*, 166 F.3d at 1383–84.
[83] As well as other issues logically and legally related.
[84] *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553, 134 S. Ct. 1749, 1755, 188 L. Ed. 2d 816 (2014).

from *Traxcell I*, consideration of the § 285 Motion was also foreclosed as Verizon failed to preserve the issue.  Therefore, the Verizon Fee Award is void.

### E.  **A Void Order is a Legal Nullity**

A void order is a legal nullity which can be attacked at any time, even years later.[85]  Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.[86] Because the issues decided in *Traxcell I* are at issue again in the Verizon Fee Award, including at least a determination of prevailing party, as the court was required to consider the same issues, the district court that ordered the Verizon Fee Award exceeded the Mandate from *Traxcell I*.[87]

As an additional basis for invalidating the Verizon Fee Award, allowing a district court to first receive affirmance of its decisions in *Traxcell I* before issuing its decision on § 285 motion smacks of procedural unfairness and a due process violation for at least the reason that not having the ruling on the § 285 Motion prior to the CAFC's Mandate substantially affected Traxcell's litigation strategy and ability to resolve the case.  Under these facts, the subsequent Verizon Fee Award looks more like a penalty for failure to win a case.  In this case, with the issues under appeal, when a final judgment issued prior to the consideration of the § 285 Motion, Verizon was required to have the § 285 Motion considered or preserved in *Traxcell I*.  Otherwise, Verizon's Motion for Fees[88] is waived and the Verizon Fee Award[89] is void.

---

[85] *See, e.g., United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71, 130 S. Ct. 1367, 1377, 176 L. Ed. 2d 158 (2010).
[86] *See, e.g., United Student Aid Funds, Inc.,* 559 U.S. at 270–71.
[87] Exhibit H, Exhibit I.
[88] Exhibit E.
[89] Exhibit A.

## II.    ARGUMENT

### A.  Legal Standard For A Temporary Restraining Order

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction.[90] Injunctive relief is "an extraordinary remedy" that may be awarded only upon "a clear showing that the plaintiff is entitled to such relief."[91] "[S]uch extraordinary relief would issue only where (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest."[92] "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted."[93] But "none of the four prerequisites has a fixed quantitative value."[94] "Rather, a sliding scale is utilized, which takes into account the intensity of each in a given calculus."[95]

### B.  There is a substantial likelihood that the movant will prevail on the merits

A TRO is appropriate only where the plaintiff shows that there is a substantial likelihood it will prevail on the merits.[96] Indeed, the Fifth Circuit has cautioned that "it is inequitable to temporarily enjoin a party from undertaking activity which he has a clear right to pursue."[97] As Traxcell has shown that the mandate from *Traxcell I* already considered many if not all of the

---

[90] *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[91] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008).
[92] *Clark*, 812 F.2d at 993.
[93] *Id.*
[94] *State of Tex. v. Seatrain Int'l, S. A.*, 518 F.2d 175, 180 (5th Cir. 1975).
[95] *Id.* (*citing Siff v. State Democratic Exec. Comm.*, 500 F.2d 1307 (5th Cir. 1974)).
[96] *Clark*, 812 F.2d at 993.
[97] *Seatrain*, 518 F.2d at 180.

issues considered in the Verizon Fees Award, including at least the issue of who is the prevailing party, Traxcell has shown a likelihood of success.[98]  Here, Verizon only needed to have preserved the issue of its § 285 Motion  with CAFC by either requesting a ruling from the District Court prior to the Mandate or by requesting the case be sent back down for consideration of its § 285 Motion. A § 285 award is not a simple award of attorney's fees but rather a consideration of the totality of the case, which consideration was completed in *Traxcell I*.  Therefore, the Verizon Fee Award is void, as the district court lacked jurisdiction to reconsider the issues settled by *Traxcell I*.[99]

### C.  There is a substantial threat that irreparable harm will result if the injunction is not granted

Traxcell is required to demonstrate "a substantial threat of irreparable injury if the injunction is not issued."[100]  To meet this requirement, Traxcell's injury "need not have already been inflicted or be certain to occur; a strong threat of irreparable injury before a trial on the merits is adequate."[101]  Traxcell has already been irreparably harmed by the loss of the April Trial in this Court.[102]  The loss of the April Trial depleted Traxcell's resources and forced it into bankruptcy.[103] The April Trial was lost based on Verizon's representation to this Court that a receiver owned Traxcell's patents.  However, that has proven inaccurate to date as the receiver has not taken Traxcell's assets, including its patents.  However, absent this Court issuing the TRO, regardless of whether the receiver is able to get Traxcell's assets, it is likely that none of Traxcell's Causes of Action will proceed.[104]

---

[98] *Supra*, pp. 2-11.
[99] *United States,* 358 F.3d at 321.
[100] *Texas*, 809 F.3d at 150.
[101] *Texas v. United States*, 328 F. Supp. 3d 662, 736 (S.D. Tex. 2018).
[102] Exhibit C.
[103] Reed Decl. at ¶4.
[104] Reed Decl. at ¶¶2-5.

**D. The threatened injury outweighs the threatened harm to the defendant and will not disserve the public interest**

Traxcell is next required to establish that that the threatened injury outweighs any harm that may result from the injunction to the non-movant and will not undermine the public interest.[105] Traxcell is trying to enforce rights granted to it by the United States Constitution, its patent rights. Verizon's legal maneuvers have kept it from answering for its infringement. The public expects that patent rights are to be respected. Further, the fact that Traxcell was hampered by a void judgment, a judgment used by Verizon to cancel the April Trial and further as a tool to deprive Traxcell of its assets, including its patents, establishes that the threatened injury greatly outweighs the harm to Verizon.[106]

**E. The Bond Already Paid by Traxcell is Sufficient**

Traxcell paid a $100,000.00 bond to stay execution of the Verizon Fee Award.[107] That bond should be sufficient for purposes of this temporary restraining order. No further bond should be required.

**III. REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION**

At the expiration of the TRO, Traxcell requests the Court hold as hearing wherein it permanently enjoins Verizon from enforcing the Verizon Fee Award[108] by voiding and vacating the order for the reasons expressed herein.

**IV. PRAYER FOR RELIEF**

WHEREFORE, Traxcell respectfully requests that this Court:

---

[105] *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997).
[106] Reed Decl. at ¶5.
[107] Reed Decl. at ¶5; Exhibit N to the Original Complaint.
[108] Exhibit A.

i.    An order temporarily enjoining Cellco Partnership from enforcing the Verizon Fee Award and at the expiration of the TRO an order voiding the Verizon Fee Award and permanently its enforcement;

ii.    enter judgment voiding and vacating the Verizon Fee Award;[109] and,

iii.    award Traxcell such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

By: _/s/ William P. Ramey, III_
William P. Ramey, III
Texas Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
wramey@rameyfirm.com

***Attorneys for Traxcell Technologies, LLC***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of December 2, 2024, with a copy of the foregoing via electronic filing.

_/s/ William P. Ramey, III_
William P. Ramey, III

---

[109] Exhibit A.

18