UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **TRAXCELL TECHNOLOGIES, LLC,** | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. W-24-MC-00613 |
| **CELLCO PARTNERSHIP,** | § | |
| Defendant. | § | |

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Before the Court is Plaintiff Traxcell Technologies, LLC's Motion For a Temporary Restraining Order and Preliminary Injunction (the "Motion"). ECF No. 2. Specifically, Plaintiff seeks to enjoin Defendant Cellco Partnership from enforcing an Order issued by the United States District Court for the Eastern District of Texas ordering Plaintiff to pay Verizon's attorney's fees. ECF No. 2 at 17–18; *see also* ECF No. 2-2 at 3. Plaintiff further requests that this Court, at the expiration of the TRO, enter judgment voiding and vacating the award of attorney fees and permanently enjoin enforcement thereof. ECF No. 2 at 18.

Plaintiff's request for a temporary restraining order is procedurally defective. Under Federal Rule of Civil Procedure 65, temporary restraining orders may be issued without notice only if, among other requirements, the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b). Here, a summons has not been issued in this case and Defendant has not otherwise made an appearance. While the Motion includes a certificate of service at the end stating that "all counsel of record who have appeared in this case are being served on this day of December 2, 2024, with a copy of the

foregoing via electronic filing" (*see* ECF No. 2 at 18), the filing receipt for the Motion shows that notice was provided to *Plaintiff* and no one else. Plaintiff's attorneys have not filed a certification describing any efforts Plaintiff has made to notify Defendant of its temporary restraining order request. *See* ECF No. 2. The Court must therefore deny Plaintiff's application for a temporary restraining order. *See, e.g.*, *James v. John Hancock Life Ins. Co.*, No. 3:22-CV-00436-DCG, 2023 WL 2557397, at *1 (W.D. Tex. Feb. 16, 2023).

Additionally, a court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). As noted above, the docket contains no indication that Plaintiff has served Defendant with summons and the complaint yet. Thus, to the extent the Motion also seeks a preliminary injunction, it is premature. *See James*, 2023 WL 2557397, at *1 (citing *Doc Dev., LLC v. EWC Franchise Grp., Inc.*, No. 18-21092, 2018 WL2007045, at *1 (S.D. Fla. Mar. 23, 2018) ("There is no indication on the docket Defendant has been served with the Verified Complaint, nor has Defendant appeared in this action . . . Defendant is not expected or required to respond to a request for a preliminary injunction contained in a motion until it has been served; thus, the request for a preliminary injunction is premature." (internal citations omitted)).

The Court thus **DENIES** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2).

**SO ORDERED and SIGNED** this 5th day of December, 2024.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE