UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC., <br> Plaintiff, <br><br> v. <br><br> CELLCO PARTNERSHIP, <br> Defendant | Case No. 6:24-mc-00613-ADA <br><br> Jury Trial Demanded |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Traxcell Technologies, LLC. ("Traxcell") respectfully files this reply in support of the relief it seeks to enjoin enforcement of the Verizon Fee Award, previously filed as Doc. No. 9-2.[1]

## I.   INTRODUCTION

Defendant Cellco Partnership's ("Verizon") response[2] to this motion did not address or otherwise counter Traxcell's arguments that the Verizon Fee Award is void. Instead, Verizon makes three unavailing policy-like arguments as to why this Court should not decide whether the Verizon Fee Award is in fact void. However, the Fifth Circuit has been clear that when a district court is presented a motion to vacate a judgment that is in fact void, such as the Verizon Fee Award, the district court does not have the discretion to not consider the motion.[3] If the judgment is void, then the district court must set it aside.[4]

## II.   ARGUMENT

---

[1] Doc. No. 9-1.
[2] Doc. No. 12, *generally*.
[3] *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002);
[4] *Id.*

1

### A. No Court Has Ruled On Whether the Verizon Fee Award is Void

Verizon's argument that comity somehow counsels against this Court ruling on whether the Verizon Fee Award is void is misplaced. Verizon bases its argument on a footnote the Tenth Court of Appeals dropped in its Opinion on Traxcell's State Court Appeal, denying a motion filed by Traxcell.[5] The case cited in the footnote, *Highway Equip. Co. v. FECO, Ltd.*,[6] addressed whether a claim for attorney fees under § 285 is independently within the district court's federal question jurisdiction when patent infringement claims are dropped. The Federal Circuit answered that question in the affirmative.[7] However, that is not the issue raised by Traxcell in this request for relief. Traxcell requests whether an award under § 285 made only after return of a mandate from the underlying case necessarily violates the mandate rule because it requires the district court to reconsider issues actually decided by the mandate.[8] Moreover, Traxcell's state appeal is not yet final.

Additionally, even if the Tenth Court of Appeals had analyzed Traxcell's motion with more than a footnote, preclusion would not apply because a judicially-derived principle of preclusion should yield to the contrary command of a formal rule such as Rule 60(b)(4).[9] Likewise, preclusion would not apply as Verizon has not established the decision from the Tenth Court of Appeals met the requirements, namely that the issue was actually litigated, that the issue was actually determined in the prior proceeding, and that the issue was a *critical and necessary* part of the decision in the prior proceeding.[10] Verizon fails on all counts. Thus, whether under comity or preclusion, the Tenth Court of Appeals' Opinion does not prevent this Court from acting.

---

[5] Doc. No. 12-35 at n.1.
[6] 469 F.3d 1027, 1033 (Fed. Cir. 2006).
[7] *Id.*
[8] Doc. No. 9 at 7-13.
[9] *Jackson*, 302 F.3d at 529.
[10] *TecSec, Inc. v. Int'l Bus. Machines Corp.*, 731 F.3d 1336, 1343 (Fed. Cir. 2013) (emphasis added).

B. **A Void Judgment Can Be Collaterally Attacked**

A void judgment can be collaterally attacked.[11] There is no requirement that Traxcell seek relief from the EDTX court that issue the Verizon Fee Award.[12] The Fifth Circuit, in *Jackson*, has addressed this issue and approved of the relitigation of the issue, as necessary

> The rules that govern the extent to which one judgment in a federal case precludes litigation in a second case are part of the federal common law. Issue preclusion is made available when it is sound to do so in light of the effects on the rate of error, the cost of litigation, and other instrumental considerations.
>
> When there are good reasons to allow relitigation ..., preclusion does not apply.
>
> ....Under the Rules Enabling Act, 28 U.S.C. § 2072, the Rules of Civil Procedure have the effect of statutes. A development in the common law of judgments is not a reason to undo a statute. *Premier Elec. Constr. Co. v. Nat'l Elec. Contractors Ass'n,* 814 F.2d 358, 364 (7th Cir.1987)[13]

Therefore, Traxcell is allowed to seek to have the Verizon Fee Award voided in any court. It is worth noting that Traxcell did seek relief many months ago from the EDTX court but there has been no ruling. The many cases involving Traxcell's pagtents pending before this Court require Traxcell to act or risk losing them all, as it lost the April Trial.

C. **Continued Irreparable Harm Requires Traxcell to Seek Extraordinary Relief**

Verizon's argument that Traxcell cannot seek relief from this Court is misplaced. Verizon cites the *Barclaysamerican/Com., Inc. v. Consumer Indus., Inc.* case[14] in support of its position but that case only stood for the proposition that a district court should not enjoin the proceedings of another district court. The issues in this case are very different and the Fifth Circuit requires action.[15] This case simply asks for this Court to void a judgment, not enjoin another court.

---

[11] *In re Hollie*, 622 B.R. 221, 229 (Bankr. S.D. Tex. 2020).
[12] *See id.*
[13] *Jackson*, 302 F.3d at 529.
[14] 585 F. Supp. 1340, 1342 (W.D.N.C. 1984).
[15] *Jackson*, 302 F.3d at 524.

3

The Fifth Circuit has been clear that there are no time limits to raise a Rule 60(b)(4) motion.[16]

### D. The Equities Require the Issuance of this Restraining Order

Verizon's response that Traxcell fails to establish any of the elements for a TRO is confounding as Verizon did not argue against the merits of the Verizon Fee Award being void. Further, Verizon finds itself in this position because it waived obtaining an order ruling on its § 285 Motion.[17] Verizon did not preserve the issue on appeal of the Final Judgment[18] at the CAFC. Verizon should have requested that the CAFC not issue its mandate until after a ruling on the § 285 motion or requested remand to consider its § 285 Motion.  However, Verizon did neither and allowed the Mandate from the CAFC to issue which expressly and impliedly decided all issues in the case, including who is the prevailing party and issues logically and legally related thereto.[19] Thus, there was nothing left to decide because the Mandate issued that resolved issues logically and legally related, issued antecedent, to the § 285 Motion.[20] The Final Judgment Ordered that Plaintiff's claims against Verizon be **Dismissed With Prejudice** and denied as moot all other relief not specifically granted.[21]  There was nothing left to do but to dismiss the case. Thus, contrary to Verizon's response, Traxcell is likely to prevail.

Verizon's argument that Traxcell will not suffer irreparable harm beggars belief.  How can there be any greater harm than to lose a scheduled trial, the April trial, and have all of your assets passed to a receiver for sale?  Traxcell's manager, Mr. Reed, declared how the Verizon Fee Award

---

[16] *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003).
[17] Doc. No. 9-11.
[18] Doc. No. 9-7.
[19] Doc. No. 9-7.
[20] Doc. No. 9-9; Doc. No. 9-10.
[21] Doc. No. 9-9 and 9-12 (emphasis added).

4

has destroyed Traxcell's business.[22] Every further day that the void Verizon Fee Award is asserted against Traxcell is further irreparable harm.

Lastly, the balance of harm weighs greatly in Traxcell's favor as for far too long has Traxcell labored under this void Verizon Fee Award. Such injustice cannot be allowed to continue. Verizon caused this issue by not properly preserving its § 285 Motion. Thus, Verizon cannot claim harm from its own negligence or that of its counsel.

For Verizon to claim that relief from a void judgment is vexatious litigation is incredible. Traxcell has not blindly accused the Verizon Fee Award as being void but rather explained how it is void through great detail.[23] There should be no dispute that relief from void judgments can only benefit the public interest.

## II.   PRAYER FOR RELIEF

WHEREFORE, Traxcell respectfully requests from this Court:

i. An order temporarily enjoining Cellco Partnership from enforcing the Verizon Fee Award and at the expiration of the TRO an order voiding the Verizon Fee Award and permanently enjoining its enforcement;

ii. enter judgment voiding and vacating the Verizon Fee Award; and,

iii. award Traxcell such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Ramey LLP**

By: */s/ William P. Ramey, III*

---

[22] Doc. No. 9-1 at ¶s 3-5.
[23] Doc. No. 9 at 5-14.

>William P. Ramey, III
>Texas Bar No. 24027643
>5020 Montrose Blvd., Suite 800
>Houston, Texas 77006
>(713) 426-3923 (telephone)
>wramey@rameyfirm.com
>
>***Attorneys for Traxcell Technologies, LLC***

### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of December 18, 2024, with a copy of the foregoing via electronic filing.

>*/s/ William P. Ramey, III*
>William P. Ramey, III

6