UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TRAXCELL TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL NO. W-24-MC-00613-ADA |
| CELLCO PARTNERSHIP, | § § § | |
| Defendant. | § § § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff Traxcell Technologies, LLC's ("Traxcell") Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") filed on December 5, 2024. ECF No. 9. Plaintiff seeks a temporary restraining order, preliminary injunction, and permanent injunction to enjoin Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") from enforcing an order issued by the United States District Court for the Eastern District of Texas ordering Traxcell to pay Verizon's attorney's fees. *Id.* at 1–2, 17–18. Verizon responded in opposition on December 17, 2024 (ECF No. 12), and Traxcell replied in support of its motion the day after (ECF No. 13). After careful consideration of the Motion, the parties' briefing, the relevant facts, and the applicable law, the Court finds that the Motion should be **DENIED**.

### I. BACKGROUND

As Verizon aptly puts it, "the parties here are not strangers." ECF No. 12 at 2. Litigation between Traxcell and Verizon spans many years across various courts, both federal and state,

district and appellate. To understand how Traxcell's Motion came to be, the Court endeavors to sort through the long, tangled saga of the litigants.

**A.      Eastern District of Texas Litigation and the Verizon Fee Order**

On October 31, 2017, Traxcell sued Verizon in the Eastern District of Texas alleging infringement of its patents. *Traxcell Techs., LLC v. Verizon Commc'ns et al.*, No. 2:17-CV-00721, ECF No. 1 (E.D. Tex.). The case was consolidated with three other cases filed on the same day by Traxcell against other telecommunications companies alleging infringement of the same patents. *Traxcell Techs., LLC v. AT&T, Inc. et al.*, No. 2:17-CV-00718, ECF No. 31 (E.D. Tex.) (hereinafter *Verizon I*). On April 15, 2020, Judge Schroeder adopted Magistrate Judge Payne's recommendation that Verizon's motions for summary judgment of noninfringement be granted and overruled Traxcell's objections. ECF No. 12-3 at 21. The same day, Judge Schroeder entered Final Judgment and ordered that Traxcell's claims against Verizon be dismissed with prejudice and denied as moot all other relief not specifically granted. ECF No. 9-7.

On April 29, 2020, Verizon moved for its attorney's fees pursuant to 35 U.S.C. § 285. ECF No. 12 at 3. On May 1, 2020, Traxcell appealed to the Federal Circuit the Final Judgment entered on April 15, 2020, the order adopting the Magistrate Judge's recommendation granting summary judgment of noninfringement over Traxcell's objections, the claim construction orders underlying the grant of summary judgment, and various other orders. ECF No. 9-8. On October 12, 2021, the Federal Circuit affirmed the claim constructions and noninfringement determinations that flowed from them. ECF No. 9-10.

On March 29, 2022, Magistrate Judge Payne granted-in-part Verizon's motion for attorney's fees, finding the case "exceptional . . . based on Traxcell's pursuit of objectively baseless infringement theories and filing of meritless motions that disregarded the earlier rulings." ECF No. 12-6 at 7. Magistrate Judge Payne ordered Traxcell to pay to Verizon its fees within 30 days of the

order. *Id.* at 12. Traxcell timely objected to this order. *See* ECF No. 12-8. On December 22, 2022, Judge Schroeder overruled Traxcell's objections and adopted Magistrate Judge Payne's order, agreeing that the case was exceptional because "Traxcell continued to pursue theories that it knew or should have known were baseless" and "filed meritless motions and argued positions that had already been rejected." ECF No. 12-9 at 2–3. Thus, Judge Schroeder ordered Traxcell to pay Verizon's attorney's fees within 30 days of the entry of the order (the "Verizon Fee Order"). *Id.* at 3. Traxcell did not pay Verizon or post a supersedeas bond. ECF No. 12 at 3.

In January 2023, Traxcell appealed the award of attorney's fees. *See* ECF No. 12-10. On July 13, 2023, the Federal Circuit affirmed Judge Schroeder's award of attorney's fees to Verizon. ECF No. 12-11. Traxcell then petitioned for a rehearing *en banc*. ECF No. 12-12. The Federal Circuit denied the petition. ECF No. 12-13. Traxcell then filed a petition for a writ of certiorari in the United States Supreme Court. ECF No. 12-14. This too was denied on January 8, 2024. ECF No. 12-15.

About eight months later, on September 6, 2024, Traxcell filed an Emergency Motion for Relief from Judgment under Rule 60(b)(4) in the Eastern District, arguing, as it does in the present Motion, that the district court lacked jurisdiction to grant the award of attorney's fees. ECF No. 12-16. Briefing was completed on October 3, 2024, and Traxcell's Emergency Motion remains pending in the Eastern District. *See Verizon I*, No. 2:17-CV-00718, ECF No. 593.

## B.   State Court & Bankruptcy Court Proceedings

On February 10, 2023, while Traxcell's appeal of the award of attorney's fees was pending before the Federal Circuit, Verizon filed a Petition to Enforce Foreign Judgment in the District Court of McLennan County, Texas. ECF No. 12-18. Verizon also filed a motion seeking appointment of a receiver and turnover of Traxcell's assets, including all patents issued by the

3

United States Patent and Trademark Office ("USPTO") that are assigned to Traxcell. ECF No. 12-19.

The state district court granted Verizon's motion and appointed a receiver on March 7, 2023. ECF No. 12-20. In its order ("the Receivership Order"), the state district court ordered Traxcell to turnover all patents issued by the USPTO that are assigned to Traxcell within seven days so that they could be sold by the appointed Receiver. *Id.* at ¶ 4. The state district court further provided notice to third parties that "[t]he Receiver, to the exclusion of Defendant [Traxcell], is the only party entitled to possess, sell, liquidate, and otherwise deal with Defendant's [Traxcell's] property." *Id.* at ¶ 12. Traxcell was also put on notice that "all of [its] assets are non-exempt and may not be spent, sold, assigned, conveyed, gifted, or otherwise disposed of without the receiver's prior written permission." *Id.* at ¶ 24.

On March 15, 2023, Traxcell appealed the Receivership Order to the Tenth Court of Appeals in Waco, Texas. ECF No. 12-21. On April 20, 2023, the state district court set a supersedeas bond at $100,000, which Traxcell posted five days later. ECF No. 12-22.

On September 19, 2023, Traxcell filed for bankruptcy in the Western District of Texas. ECF No. 12-27. Under Section 362(a) of the Bankruptcy Code, filing for bankruptcy triggered an automatic stay. *See id.* (citing 11 U.S.C. § 362(a)). Consequently, Traxcell's filing of the bankruptcy case stayed Traxcell's appeal of the Receivership Order in the Tenth Court of Appeals. *See* ECF No. 12-28 at 4. Verizon filed a motion to dismiss the bankruptcy case, which the bankruptcy court granted on January 29, 2024. *Id.* at 22. In the order dismissing the case, the bankruptcy court found "cause to dismiss the case as filed in bad faith under § 1112(b)." *Id.* at 14. In assessing the hallmarks of bad faith filings, the bankruptcy court found that Traxcell filed bankruptcy "to prevent the transfer of its only valuable assets, its patent infringement lawsuits,"

4

by "obtain[ing] the stay of the Receivership Order it could not obtain in state court." *Id.* at 13. That is, "Traxcell appear[ed] to have filed bankruptcy mainly to obtain a 'second bite at the apple' regarding the Receivership Order." *Id.*

C.       **Western District of Texas Litigation, State Court, and the Present Motion**

On December 21, 2020, after Verizon moved for its attorney's fees in *Verizon I* and while Traxcell's appeal of the Final Judgment in *Verizon I* was pending before the Federal Circuit, Traxcell sued Verizon in this Court. *Traxcell Techs., LLC v. Cellco P'ship*, No. 6:20-CV-01175-ADA, ECF No. 1 (W.D. Tex.) (hereinafter *Verizon II*). Traxcell alleged infringement of patents related to the patents asserted in *Verizon I*. ECF No. 12-29 at 1.

On March 14, 2023, considering the state district court's Receivership Order, this Court dismissed Traxcell's claims against Verizon for lack of subject matter jurisdiction. ECF No. 12-30 at 6. Because the Receivership Order required Traxcell to turnover the asserted patents within seven days of the order, *i.e.*, on March 14, 2023, and because Traxcell had not received relief from the order from the Tenth Court of Appeals, this Court determined that Traxcell held less than all substantial rights to the asserted patents. *Id.* at 5–6. However, after Traxcell posted the supersedeas bond in state district court, staying execution of the Receivership Order, this Court vacated its previous dismissal. ECF No. 12-31 at 5. This Court further stayed the case pending resolution of Traxcell's appeals. *Id.*

On February 19, 2024, three weeks after the bankruptcy court dismissed Traxcell's bankruptcy case, Traxcell filed a motion to lift the stay and substitute Traxcell Technologies II, LLC ("Traxcell II") as plaintiff in the case. ECF No. 12-32 at 1. Traxcell asserts that effective February 13, 2024, it sold ownership and control of the asserted patents to Traxcell II. *Id.* The motion to substitute is currently pending.

Verizon, in addition to opposing Traxcell's motion, sued Traxcell and Traxcell II on March 28, 2024, to unwind the sale. ECF No. 12-33. Verizon also filed a writ of injunction in the Tenth Court of Appeals. ECF No. 12-23 at 4. On March 20, 2024, the Tenth Court of Appeals granted temporary injunctive relief enjoining Traxcell from "selling, leasing, encumbering, or transferring any ownership interest in any patent or patents covered by the receivership order on appeal . . . to any third party other than the designated receiver." ECF No. 12-24 at 1–2. On October 22, 2024, the Tenth Court of Appeals granted Verizon's petition for writ of injunction, enjoining Traxcell pending the final decision in the Receivership Order appeal. ECF No. 12-25.

On November 14, 2024, the Tenth Court of Appeals affirmed the Receivership Order, finding no reversible error. ECF No. 12-26.

Having unsuccessfully appealed the Receivership Order, Traxcell now seeks to enjoin Verizon from enforcing the underlying order issued by the Eastern District awarding Verizon its attorney's fees.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure govern preliminary injunctions and temporary restraining orders. *See* Fed. R. Civ. P. 65. The decision of whether to grant a preliminary injunction or a temporary restraining order lies within the sound discretion of the district court. *Miss. Power & Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a temporary restraining order or a preliminary injunction, the moving party must establish the same four elements: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the substantial injury outweighs the threatened harm to the nonmovants, and (4) granting the injunction will not disserve the public interest. *Planned Parenthood Ass'n of Hidalgo Cnty., Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an

6

extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood*, 692 F.3d at 348 (internal citation omitted). Thus, granting such "injunction is the exception rather than the rule." *Miss. Power & Light Co.*, 760 F.2d at 621.

### III.   DISCUSSION

Traxcell asks this Court to grant a temporary restraining order enjoining enforcement of the December 22, 2022, Eastern District order awarding Verizon its attorney's fees ("the Verizon Fee Order"). ECF No. 9 at 1–2. Traxcell also asks this Court to, at the expiration of the temporary restraining order, hold a hearing to preliminarily and permanently enjoin Verizon from enforcing the Verizon Fee Order and to enter judgment voiding and vacating the Verizon Fee Order. *Id.* at 1–2, 18.

Because notice has been provided to Verizon and Verizon has responded in opposition to the Motion, this Court treats Traxcell's Motion as one seeking a preliminary injunction. *Star v. Sec'y of U.S. Dep't of Homeland Sec.*, P:19-CV-053-DC, 2021 WL 2908668, at *2 (W.D. Tex. Apr. 12, 2021) ("When a temporary restraining order is requested but notice *is* provided to the opposing party, it is functionally the same as a motion for preliminary injunction." (emphasis in original) (citing *Dilworth v. Riner*, 343 F.2d 226, 229 (5th Cir. 1965))); *see also Levas & Levas v. Village of Antioch, Ill.*, 684 F.2d 446, 448 (7th Cir. 1982) (treating an application for a temporary restraining order as one for a preliminary injunction where notice was provided to the defendants, and they appeared to contest the motion).

While Traxcell requests a hearing on the preliminary injunction, both parties have submitted briefing on the issue and there are no disputed facts of the type that require a hearing before this Court rules. *See Sochia v. Federal-Republic's Cent. Gov't*, No. SA-06-1006-XR, 2006 WL 3372509, at *3 (W.D. Tex. Nov. 20, 2006) ("[T]he Court is not required to hold an oral hearing

7

and may issue a ruling solely on the written submissions when the only issues in dispute are legal and the parties have been given opportunity to present their case."). After careful review, the Court finds that Traxcell has failed to satisfy its burden of meeting all four prerequisites to a preliminary injunction.

A.     **Likelihood of Success on the Merits**

Traxcell seeks a TRO and preliminary injunction based on its underlying request that this Court declare the Verizon Fee Order void pursuant to Rule 60(d)(1) and Rule 60(b)(4). *See* ECF No. 9 at 14, ECF No. 13 at 2; ECF No. 23 at 1 (seeking "relief from the § 285 Order . . . pursuant to Federal Rule of Civil Procedure 60(d)(1) and 60(b)(4)"). According to Traxcell's operative complaint, the Verizon Fee Order is "void due to lack of subject matter jurisdiction by the issuing court." ECF No. 23 at 1. Assuming without deciding that Traxcell may bring an independent civil action alleging a judgment is void pursuant to Rules 60(d)(1) and 60(b)(4) and may thus seek an injunction based on this underlying action,[1] Traxcell fails to demonstrate it is likely to succeed on the merits.

---

[1] Rule 60(b)(4) states, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). Rule 60(d)(1) "does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1).

As far as this Court can find, there are few cases involving independent civil actions filed under Rules 60(d)(1) and 60(b)(4) in one federal district court challenging an order that issued in a different federal district court. However, the Advisory Committee Notes to the 1946 Amendment state that the amendments to subdivision (b) of Rule 60 were intended to clarify that "[t]wo types of procedure to obtain relief from judgments are specified." Advisory Committee Note of 1946 to Subdivision (b) of Fed. R. Civ. P. Rule 60. "One procedure is by motion in the court and in the action in which the judgment was rendered" (*i.e.*, a Rule 60(b) motion), while "[t]he other procedure is by a new or independent action to obtain relief from a judgment, which action may or may not be begun in the court which rendered the judgment" (*i.e.*, a Rule 60(d) independent action). *Id.*

Traxcell's original complaint was predicated solely on Rule 60(b)(4). *See* ECF No. 1. However, Traxcell has since amended its complaint to state that its cause of action is an independent cause of action under Rule 60(d)(1). ECF No. 23 at ¶ 17. Traxcell's present Motion for a TRO and preliminary injunction cites its original complaint and thus considers only Rule 60(b)(4). *See* ECF Nos. 9, 13. However, Traxcell's arguments based on Rule 60(b)(4) dovetail with part of Traxcell's Rule 60(d)(1) independent action. *See Turner v. Pleasant*, 663 F.3d 770, 776 (5th Cir. 2011) (requiring a meritorious claim or defense in the underlying case as one of the five "essential elements" for relief under

1. **Rule 60(b)(4)**

Generally, prior jurisdictional determinations, even if erroneous, are not subject to collateral attack. *See Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940). "A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982) (citing *Chicot*).

It does not matter that the issue of subject matter jurisdiction was not raised in the original case by the party now attacking the order if that party could have raised it during the original case or in the direct appeal of the order. *Chicot*, 308 U.S. at 378; *see also United States v. Chambers*, 922 F.2d 228, 239 (5th Cir. 1991) (holding that prior judgment is conclusive even if "the issue of subject matter jurisdiction has not been raised and determined"); *Royal Ins. Co. of Am. v. Quinn-L Cap. Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992) ("The question is not whether the issue of subject matter [jurisdiction] was actually litigated, but instead whether the parties had the opportunity to raise the question." (internal citation omitted)). "If the parties against whom judgment was rendered did not appeal, the judgment becomes final and the court's subject matter jurisdiction is insulated from collateral attack." *Royal Ins. Co.*, 960 F.2d at 1293.

However, the Supreme Court has also recognized the principle that a court may be so clearly lacking in subject matter jurisdiction of a case that any judgment rendered in it is a nullity subject to collateral attack. *See, e.g., United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270–71 (2010). In line with this precedent, courts recognize a limited exception to the finality of

---

Rule 60(d)(1)); *see* ECF No. 37 at ¶ 21 ("Traxcell's claim that the Verizon Fee Award is void is meritorious as explained in the motion for a temporary restraining order . . . as provided in Document Nos. 9 and 9-1 to 9-19.").

prior judgments, specifically when a party seeks relief from a void judgment under Federal Rule of Civil Procedure 60(b)(4). *See e.g., Broyhill Furniture Indus. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1084 (Fed. Cir. 1993); *Mitchell Law Firm, L.P. v. Bessie Jeanne Worthy Revocable Trust*, 8 F.4th 417, 420 (5th Cir. 2021). "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Sec. Exch. Comm'n v. Novinger*, 40 F.4th 297, 302 (5th Cir. 2022) (quoting *Espinosa*, 559 U.S. at 270); *see also Broyhill*, 12 F.3d at 1084 ("[T]he concept of void judgment must be narrowly restricted."). A legal error alone does not render a judgment void. *Novinger*, 40 F.4th at 302 (internal citation omitted). Instead, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (internal citation omitted); *see also Brumfield v. La. State Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015) ("An order is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law."); *Broyhill*, 12 F.3d at 1084 ("[A] judgment is void for purposes of 60(b)(4) only when the court that rendered the judgment lacked jurisdiction or failed to act in accordance with due process of law.").

The Supreme Court has not "define[d] the precise circumstances in which a jurisdictional error will render a judgment void." *Novinger*, 40 F.4th at 302 (quoting *Espinosa*, 559 U.S. at 271). The tension between finality and voidness is reflected in the rule that when the asserted defect that makes the judgment "void" is a lack of subject matter jurisdiction, Rule 60(b)(4) cannot be used for a collateral challenge when the court's exercise of jurisdiction was an error of law as opposed to a clear usurpation of power by that court. *Id.* at 302. Thus, a Rule 60(b)(4) challenge to

jurisdiction should only be sustained where there is a "clear usurpation of power" or "total want of jurisdiction." *See Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990) (holding that a party is "barred from challenging the district court's jurisdiction in a Rule 60(b)(4) proceeding" if "the challenging party was before the court when the order in question was entered and had notice of it and had a full and fair, unimpeded opportunity to challenge it, and the court's jurisdiction, by appeal"); *see also Novinger*, 40 F.4th at 302 (holding that "[a] legal error, standing alone, does not render a judgment void" but that a "Rule 60(b)(4) challenge to jurisdiction should be sustained only where there is a 'clear usurpation of power' or total want of jurisdiction'"); *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) ("Only when the jurisdictional error is 'egregious' will courts treat the judgment as void."); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) (explaining that for a judgment to be void for lack of subject-matter jurisdiction under Rule 60(b)(4) "[t]here must be no arguable basis on which [the court] could have rested a finding that it had jurisdiction"); *In re Acorn Hotels, LLC*, 251 B.R. 696, 702 (Bankr. W.D. Tex. 2000) ("Said another way, a judgment is not *void* for lack of subject matter jurisdiction unless "no arguable basis" for jurisdiction existed in the first place.").

### 2. Application to the Verizon Fee Order

Traxcell argues that the Verizon Fee Order is void because the Federal Circuit, by affirming the April 15, 2020, Final Judgment in favor of Verizon, foreclosed the district court from considering Verizon's motion for attorney's fees. ECF No. 9 at 9. According to Traxcell, the district court exceeded the Federal Circuit's Mandate when it issued the Verizon Fee Order because it "require[d] the district court to reconsider issues actually decided by the mandate." ECF No. 13 at 2. Traxcell contends that that the Federal Circuit considered issues such as infringement, claim construction, claim indefiniteness, and who the prevailing party was, and that these issues "are antecedent, logically and legally, to any further issues in Verizon's § 285 motion." ECF No. 9 at

12. Thus, based on the Federal Circuit's decision in *Laitram Corp. v. NEC Corp.*, 115 F.3d 947 (Fed. Cir. 1997), Traxcell argues the district court violated the mandate rule by reconsidering issues that the Federal Circuit had already decided. *Id.* at 11–12, 15–16.

Contrary to Traxcell's assertions, *Laitram* does not support its position. Rather, *Laitram* supports the opposite conclusion—that the district court did not violate the mandate rule because the Federal Circuit's decisions regarding noninfringement and claim construction did not implicitly decide the issue of attorney's fees as Traxcell contends.

In *Laitram*, the defendant timely filed separate motions for JMOL on the issues of (1) infringement, (2) willfulness, and (3) claim identicality. *Laitram*, 115 F.3d at 949. Judgment as a matter of law of noninfringement was granted, while the separate motions for JMOL on the issues of willfulness and claim identicality were denied as moot. *Id.* The defendant appealed the grant of JMOL of noninfringement, and the Federal Circuit reversed the grant and remanded "with instructions to reinstate the jury's verdict." *Id.* The willfulness and claim identicality issues were not appealed, briefed, or argued by either party, and neither issue was discussed in the Federal Circuit's opinion. *Id.*

The plaintiff moved for relief from the district court's denial of its JMOL motions on willfulness and claim identicality, arguing that the Federal Circuit's mandate rendered the motions no longer moot. *Id.* at 950. The district court denied the motion, reasoning that the issues of willfulness and claim identicality must have been implicitly decided on appeal, adversely to the plaintiff. *Id.* In the alternative, the district court also ruled that the plaintiff waived these issues because it failed to raise them during the defendant's appeal or file a cross-appeal. *Id.*

The Federal Circuit held that its mandate did not preclude the district court from hearing and deciding the motions for JMOL on the willfulness and claim identicality issues, and that the

plaintiff did not waive the right to resolution of these issues on the merits by failing to address them during the defendant's appeal. *Id.* at 956. The Federal Circuit emphasized that while "issues decided implicitly by courts of appeals may not be reexamined by the district court, the rule is actually applicable only to those issues decided by *necessary* implication." *Id.* at 951 (emphasis in original). The Federal Circuit reasoned that it had been "solely reviewing the propriety of the grant of a JMOL of non-infringement" and that "[t]he willfulness and claim identicality issues were not antecedent to deciding the infringement issue, either logically or legally." Thus, these issues had not been implicitly decided. *Id.*

The Federal Circuit further determined that its mandate "could only have referred to reinstatement of the verdict of infringement" because the JMOL of noninfringement was "the only issue appealed." *Id.* at 952. Put simply, it was "incorrect to conclude that [the Federal Circuit] decided issues not only undecided on the merits by the trial court because they were moot, and thus on appeal unripe, but also neither presented to [the Federal Circuit] nor discussed in [its] opinion, nor necessary to [the Federal Circuit's] disposition of the appeal." *Id.* The Federal Circuit also dismissed the argument that the plaintiff had waived the willfulness and claim identicality issues by failing to address them in response to the defendant's appeal. *Id.* at 953–54. The Federal Circuit emphasized that "[t]he arguments . . . directed to these issues were neither themselves on appeal nor relevant to the sole issue that was: infringement." *Id.*

The issue of attorney's fees in *Verizon I* is analogous to the issues of identicality and willfulness in *Laitram*. In *Verizon I*, the Federal Circuit considered solely the propriety of the district court's claim constructions and the noninfringement determinations that flowed from them. *See* ECF No. 9-9. Like the issues of willfulness and claim identicality in *Laitram*, the issue of attorney's fees was not presented to the Federal Circuit or discussed in the Federal Circuit's

opinion, and consideration of the issue was not necessary to the Federal Circuit's disposition of the appeal. *See id.* Said another way, the issue of attorney's fees was not "antecedent to" deciding the claim construction and noninfringement issues on appeal. Indeed, the Federal Circuit has recognized that awards of attorney's fees are collateral to the merits of the underlying claims. *See Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1308 (Fed. Cir. 2018) ("The attorney fee award is separately appealable here, and thus collateral, because it cannot "alter the [merits] order or moot or revise decisions embodied in the [merits] order." (alteration in original)).

Traxcell, like the defendant in *Laitram*, argues that Verizon waived its motion for attorney's fees by not preserving the issue on appeal. This argument is unavailing. As explained above, the issue of attorney's fees was not on appeal and was not necessary to the Federal Circuit's disposition of the issues that were. That the issue of attorney's fees is collateral to the underlying merits is well-established. Indeed, the Federal Circuit has held that awards of attorney's fees are separately appealable from the underlying causes of actions—there is no need to delay review of a final decision on the merits simply because a request for attorney's fees remains pending. *See PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1365 n.4 (Fed. Cir. 2007) ("The pending motion for attorney's fees . . . did not render the judgment non-appealable."); *Falana v. Kent State Univ.*, 669 F.3d 1349, 1360 (Fed. Cir. 2012) ("[T]he district court's exceptional case determination is a separately appealable judgment which itself must be final."); *see also Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03 (1988) ("[A] decision on the merits is a 'final decision' . . . whether or not there remains for adjudication a request for attorney's fees attributable to the case."); *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 452 (1982) ("Unlike other judicial relief, . . . attorney's fees . . . are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial."). That is exactly how the case

progressed here. Traxcell appealed the district court's claim construction orders and grant of summary judgment of noninfringement and lost. After the district court awarded Verizon its attorney's fees under § 285, Traxcell separately appealed that order and lost.

For the foregoing reasons, the Court determines that Traxcell has not clearly carried its burden of showing a substantial likelihood that it will prevail on the merits. Traxcell has no reasonable likelihood of prevailing in this case because the Verizon Fee Order is not void under Rule 60(b)(4).[2] This is not a situation where there is no arguable basis of jurisdiction or where there is a "clear usurpation of power" or "total want of jurisdiction." *See Espinosa*, 559 U.S. at 271 (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)); *Picco*, 900 F.2d at 850 & n.6 (quoting *Nemaizer*, 793 F.2d at 65).

**B.    Irreparable Harm**

Traxcell has failed to make a sufficient showing of irreparable harm because of its delay in seeking a preliminary injunction. Undue delay in seeking a preliminary injunction tends to negate the contention that the feared harm will truly be irreparable. *See Gonannies, Inc. v. Goupair.com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006) (finding that a delay of over six months rebutted any presumption of irreparable harm); *see also id.* ("Absent a good explanation, a substantial period of delay militates against the issuance of a preliminary injunction by demonstrating that there is no apparent urgency to the request for injunctive relief.") (quoting *Wireless Agents, L.L.C. v. T-Mobile USA, Inc.*, No. 3:05-CV-0094-D, 2006 WL 1540587, at *3 (N.D. Tex. June 6, 2006)); *Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975) (affirming district court's

---

[2] Traxcell further alludes to "procedural unfairness and a due process violation" as grounds for voiding the Verizon Fee Order under Rule 60(b)(4). *See* ECF No. 9 at 14. However, the "due process violation" that Traxcell complains of is not of the type that Rule 60(b)(4) contemplates. *See Novinger*, 40 F.4th at 303–04 (emphasizing that the Supreme Court in *Espinosa* "explained that the due process right that Rule 60(b)(4) implicates is the right to "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

denial of temporary injunctive relief under the Taft-Hartley Act because of, in part, a three-month delay in seeking the relief). The magistrate judge in *Verizon I* awarded attorney's fees on March 29, 2022. The district court judge overruled Traxcell's Rule 72(a) objections on December 22, 2022. Thus, the award of attorney's fees has been in place for nearly two years without Traxcell challenging the Verizon Fee Order as void. Verizon raised this point in its opposition, yet Traxcell provided no explanation for its delay. *Cf. Daily Instruments Corp. v. Heidt*, 998 F. Supp. 2d 553, 570 (S.D. Tex. 2014) ("[D]elay will not negate a finding of irreparable harm where the plaintiff has a good explanation."). The Court finds this factor weighs against an injunction.

C.  **Balancing the Harms to the Non-Moving Party**

Traxcell asserts that it has been hampered by a void judgment that has been used as a tool to deprive Traxcell of its assets and its ability to enforce its patent against Verizon in *Verizon II*. ECF No. 9 at 17. Verizon counters that if the temporary injunction is granted, then Verizon will be deprived of, or further delayed in, receiving its attorney's fees. ECF No. 12 at 14. The Court finds that this factor weighs against an injunction. As explained above, the Verizon Fee Order is not void. Verizon has a valid order for its attorney's fees, and Traxcell's present motion appears to be Traxcell's latest attempt to avoid paying Verizon its awarded fees.

D.  **Public Interest**

Traxcell contends this factor weighs in favor of an injunction because "[t]he public expects that patent rights are to be respected" and "relief from void judgments can only benefit the public interest." ECF No. 9 at 17; ECF No. 13 at 5. Verizon counters that an injunction is against the public interest because the public expects to be free from vexatious litigation and for valid court orders to be promptly enforced. ECF No. 12 at 15. The Court finds this factor weighs against an injunction. Traxcell's first point is detached from the ultimate issue Traxcell presents here—whether the Verizon Fee Order is void. Its second point is inapplicable because, as explained

above, the Verizon Fee Order is not void under Rule 60(b)(4). In this instance, granting a preliminary injunction would disserve the public interest.

## IV.  CONCLUSION

In sum, the Court finds Traxcell has not made a showing that it is substantially likely to prevail on the merits of the case or that it will suffer irreparable harm in the absence of an injunction. The balance of the harms and public interest factors weigh against issuing an injunction. Traxcell's Motion for Temporary Restraining Order and Preliminary Injunction is hereby **DENIED**.

**SIGNED** this 30th day of January, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE